UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES BERNARD STARKE, JR.,

                Plaintiff,

-against-

OFFICER FUENTES; OFFICER O'DELL;
JUDGE KEVIN F. RUSSO; ROCKLAND
COUNTY SHERIFF'S DEPARTMENT;
ROCKLAND COUNTY JAIL; CLERK OF
THE COURT OF ROCKLAND COUNTY;
STATE OF NEW YORK,

                Defendants.

25-CV-3108 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the Rockland County Jail, brings this action *pro se* and *in forma pauperis*.[1] Named as Defendants are Rockland County Police Officers Fuentes and O'Dell, Rockland County Court Judge Kevin F. Russo, Rockland County Sheriff's Department, Rockland County Jail, the Clerk of the Court of Rockland County, and the State of New York. In the complaint, Plaintiff asserts federal constitutional claims under 42 U.S.C. § 1983, seeking money damages and declaratory and injunctive relief, arising from his arrest and detention in Rockland County. Along with the complaint, Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Immediate Release." (ECF5.) On April 21, 2025, Plaintiff submitted an affidavit in support of his emergency motion (ECF 8) and a "Motion for Expedited Hearing on Emergency Motion for Temporary Restraining Order" (ECF 9).

---

[1] Plaintiff did not submit a prisoner authorization with the complaint. By order dated April 16, 2025, the Court directed Plaintiff to either submit a prisoner authorization or pay the $405.00 in fees required to file a civil action in this court. (ECF 7.) The Court received Plaintiff's prisoner authorization on April 20, 2025. By order dated April 24, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*.

In his motion for an emergency temporary restraining order, Plaintiff alleges that he was unlawfully arrested, falsely imprisoned, and denied bail by Defendant Judge Russo. He seeks "immediate release" from custody, a declaration that his "state proceedings are void for lack of jurisdiction," and orders preventing "further retaliation or detention" and "restraining all defendants from further interference." (ECF 5, at 1.)

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. For example, the injunctive relief Plaintiff seeks – federal court intervention in a state court criminal proceeding – is likely barred by the *Younger* abstention doctrine.[2]

---

[2] In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). Here, Plaintiff alleges no facts suggesting the presence of any special circumstances.

Furthermore, to the extent Plaintiff seeks immediate release from his present detention, he may not obtain release from custody through a Section 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 or § 2241. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)); *Clemente v. Conn.*, No. 3:21-CV-0408, 2022 WL 527757, at *1 (D. Conn. Jan. 27, 2022) (stating that a *habea*s petition under Section 2241 is the appropriate vehicle for a pretrial detainee to seek release from custody).

Although Section 2241 does not contain a statutory exhaustion requirement, the statute has been interpreted as requiring a petitioner to exhaust available state court remedies prior to seeking any relief thereunder in federal court. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("[D]ecisional law has superimposed [an exhaustion] requirement in order to accommodate principles of federalism."). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by requesting release from custody in a civil action. *Preiser*, 411 U.S. at 489-90. Because Plaintiff alleges no facts suggesting that he exhausted his available state court remedies, the Court declines to construe his submission as a petition under Section 2241. Should Plaintiff wish to seek release from his present custody, he may file a petition for a writ of *habeas corpus* once he has exhausted all of his available state-court remedies.

For these reasons, Plaintiff's motion for preliminary injunctive relief (ECF 5, 8, 9) is denied. The Court will address the claims set forth in Plaintiff's complaint in due course.

## CONCLUSION

The Court denies Plaintiff's request for preliminary injunctive relief. (ECF 5, 8, 9.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 25, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                      Chief United States District Judge