UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES BERNARD STARKE, JR.,

                     Plaintiff,

           -against-

OFFICER FUENTES, ET AL.,

                  Defendants.

25-CV-3108 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Charles Bernard Starke, Jr., who appears to be detained in the Rockland County Jail, brings this action *pro se* and *in forma pauperis*. Since filing the complaint, Plaintiff has filed an "emergency motion for temporary restraining order and immediate release" (ECF 5), two amended complaints (ECF 11, 14), a "writ of habeas corpus verified complaint & emergency for TRO, and immediate release" (ECF 18), and three other "emergency motions" (ECF 15, 16, 17). Furthermore, two of Plaintiff's filings bear the signature of Teresa Murphy, who is not a party to this action. By order dated April 25, 2025, the Court denied Plaintiff's first motion for a temporary restraining order. For the reasons set forth below, the Court denies Plaintiff's remaining emergency motions, and directs him to file a single operative pleading that names as defendants all parties he seeks to sue, asserts all his claims for relief, and alleges facts to support each claim against each defendant.

## BACKGROUND

In the original complaint, which was filed on April 10, 2025, Plaintiff asserts various constitutional claims and other federal law claims arising from allegations that he was falsely arrested, denied adequate medical care, unlawfully searched, and denied due process with respect

to his criminal proceedings in the Rockland County Court.[1] (ECF 1.) Named as Defendants in the original complaint are Rockland County Police Officers Fuentes and O'Dell, Rockland County Judge Kevin F. Russo, Rockland County Sheriff's Department, Rockland County Jail, Clerk of the Court of Rockland County, and the State of New York. Plaintiff seeks declaratory and injunctive relief, including "immediate release," as well as money damages.

Along with the complaint, Plaintiff also filed an "Emergency Motion for Temporary Restraining Order [("TRO")] and Immediate Release," which lists only the County of Rockland, which was not named in the complaint, as the sole defendant. (ECF 5.) On April 21, 2025, Plaintiff filed a motion for an expedited hearing on his motion for a TRO. (ECF 9.)

On April 24, 2025, without a directive to do so from the Court, Plaintiff filed an amended complaint ("first amended complaint"), setting forth many of the same allegations as contained in the original complaint, but naming a handful of additional defendants, none of whom were mentioned in the complaint.[2] (ECF 11.) The first amended complaint is not signed by Plaintiff.[3]

By order dated April 25, 2025, the Court denied Plaintiff's first motion for a TRO and immediate release, noting that the injunctive relief he seeks – federal court intervention in his state court criminal proceedings – is barred by the *Younger* abstention doctrine, and declining to construe his request for release from custody as a petition for a writ of *habeas corpus* under 28

---

[1] Plaintiff's criminal proceeding in the Rockland County Court, in which he is charged with multiple offenses including assault, obstructing government administration, and resisting arrest, is ongoing. *See People v. Starke*, Ind. No. 70418-25/001 (Rockland Cnty. Ct.) Plaintiff's next appearance in that matter is scheduled for June 11, 2025.

[2] Specifically, the first amended complaint adds as defendants Kelvin Zuniga, Richard Sloven, William Allen, Declon Finn, Andrew Cullen, and Daniel Mooney. Plaintiff does not allege facts explaining the identities of any of these individuals.

[3] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a).

U.S.C. § 2241 because Plaintiff alleged no facts suggesting that he exhausted his state court remedies. (ECF 13.) The Court noted that should Plaintiff wish to seek release from his present custody, he may file a petition for a writ of *habeas corpus* once he has exhausted his available state court remedies.

On April 28, 2025, again without a directive from the Court, Plaintiff filed another amended complaint ("second amended complaint"). The second amended complaint names as Defendants Correction Officer Doswall, Rockland County Correctional Facility, Rockland County Sheriff Louis Falco III, and ten John and Jane Does. (ECF 14.) None of the other defendants named in his prior pleadings are named in the second amended complaint. Plaintiff's only allegation in the second amended complaint is that Officer Doswall subjected him to an unlawful strip search.

On May 3, 2025, Plaintiff filed an "Emergency Motion to Compel Production of Documents," which lists Judge Russo and the Rockland County District Attorney as the only defendants. (ECF 15.) In the motion, Plaintiff seeks to compel "each defendant" to produce various documents including "Valid Oath of Office filed with the Secretary of State"; "Bond or insurance certificate"; "Proof of delegated authority to act against Plaintiff (appointment, commission, election record)"; and "Disclosure of financial interest, CRIS account numbers, CUSIP data, or court revenue-linked transactions."[4] (*Id.* at 1-2.)

On May 4, 2025, the Court received a document captioned for "United States District Court" and labeled "Emergency Motion for Federal Injunctive Relief, Criminal Referral, and Declaration of Covenant Under God." (ECF 16.) That document lists Plaintiff and Teresa

---

[4] Plaintiff's motion also includes as an attachment an unsigned and undated copy of the motion captioned for the United States District Court for the Eastern District of Texas in which Plaintiff seeks *habeas* relief and production of documents in that court. (ECF 15-3.)

Murphy as "Movants" and is signed only by Murphy.[5] Among other relief, the motion, which does not include any supporting facts, seeks an injunction "[p]rohibiting continued surveillance or intimidation by local or county law enforcement"; ordering "[r]estoration of custody rights and protection from unlawful family court actions"; and ordering "[a]cklowledgment of their covenantal union as protected mission under the First and Fourteenth Amendments." (*Id.* at 1-2.)

On May 5, 2025, Plaintiff filed what appears to be a duplicate of the emergency motion to compel production of documents previously filed on May 3, 2025. (ECF 17.)

Also on May 5, 2025, Plaintiff filed a document captioned for this court and this case and labeled "Writ of habeas corpus verified complaint & emergency motion for TRO, and immediate release." (ECF 18.) The Court understands this document to be a third amended complaint. This submission names many of the defendants named in Plaintiff's previous submissions, but also names as defendants Officer Mazzella, Officer Matthew Laya, Officer Worden, Warwick Police Department, and Greenwood Lake Police Department. The document is signed by Murphy in her handwriting and electronically signed by Plaintiff. In the document, Plaintiff seeks an emergency hearing, "immediate release" from custody, "[f]ederal protection" for Plaintiff and Murphy, a TRO "enjoining all future arrests and retaliation"; "full dismissal" of Plaintiff's criminal charges, and $20 million in damages. (ECF 18, at 5.)

---

[5] Murphy has filed several actions in this court over the past month. S*ee Murphy v. Rockland Cnty.*, No. 25-CV-3122 (UA) (S.D.N.Y. filed April 10, 2025); *Murphy v. Mazella*, No. 25-CV-3105 (LTS) (S.D.N.Y. filed April 10, 2025); *Murphy v. Mezella*, No. 25-CV-1950 (LTS) (S.D.N.Y. amended complaint filed April 21, 2025).

## DISCUSSION

### A.    Involvement of Teresa Murphy

As noted above, some of Plaintiff's submissions bear Teresa Murphy's signature and one submission appears to seek relief for Murphy. Murphy is not a plaintiff in this action, and she may therefore not seek relief in this case. Nor may Murphy assert claims or litigate this action on behalf of Plaintiff. As a nonlawyer, Murphy cannot represent the interests of another party. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Any claims brought by Murphy in her own name or on behalf of Plaintiff are dismissed without prejudice.

Murphy, who is not a plaintiff in this action and is not a lawyer, is directed to cease signing and filing documents in this action.

### B.    Motions for emergency relief

Currently pending before the Court are two motions to compel production of documents (ECF 15, 17), a motion for injunctive relief (ECF 16), and requests for a TRO and "immediate release" of Plaintiff from the Rockland County Jail (ECF 18).

To obtain preliminary injunctive relief or a TRO, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted);

*Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. The Court denies Plaintiff's requests for release from custody and for "full dismissal" of his state criminal charges for the same reasons that it previously denied such relief in its April 25, 2025 order (ECF 13): the *Younger* abstention doctrine bars this Court from intervening in Plaintiff's ongoing state court criminal proceedings and Plaintiff alleges no facts suggesting he exhausted his state court remedies as required prior to seeking *habeas corpus* relief.

The Court denies Plaintiff's motions seeking to compel production of documents (ECF 15, 17), because Plaintiff alleges no facts suggesting a legal basis for the relief he seeks. To the extent Plaintiff (and not Teresa Murphy) filed the May 4, 2025 motion (ECF 16), which is not captioned for this court and is not signed by Plaintiff, the Court denies that motion because it alleges no facts suggesting Plaintiff is likely to succeed on the merits of his claims or that he is entitled to any of the relief he seeks.

With respect to his emergency motions seeking release and intervention in his ongoing state court criminal proceedings, the Court finds that, based on its previous denial of those same requests, Plaintiff was or should have been aware that his claims were meritless at the time he filed the motion. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where litigant may be charged with knowledge of particular legal requirements);

*Roberts v. United States*, ECF 1:24-CV-1512, 4 (LTS), 2024 WL 3606708, at *1 (S.D.N.Y. July 29, 2024) (instructing frequent *pro se* litigant that "before filing any lawsuit, she must make a good faith investigation into whether she has a nonfrivolous legal claim," and that "[r]epetitive filing of frivolous litigation in this Court could result in an order barring [her] from filing new actions IFP under 28 U.S.C. § 1651"). If Plaintiff continues to file repetitive and meritless motions for "emergency" relief, the Court may issue an order directing him to show cause why he should not be barred from filing future motions in this action without first receiving permission to file from the court.

**C.     Plaintiff is directed to file a single operative pleading**

As discussed above, since filing the initial complaint in this action, Plaintiff has filed three amended complaints, each of which names different defendants, alleges different facts, and asserts different claims. Each time Plaintiff filed an amended complaint, that complaint became the operative pleading, thereby superseding the claims asserted in the prior complaints. *See In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinary supersedes the original and renders it of no legal effect.").

The Court recognizes that Plaintiff may not have understood that by filing multiple complaints, he was rendering inoperative his prior pleadings. In light of Plaintiff's *pro se* status, the Court directs Plaintiff, within 30 days of the date of this order, to file a single operative pleading, labeled as a Fourth Amended Complaint, that names as defendants all parties he seeks to sue, asserts all his claims for relief, and alleges facts to support each claim against each defendant.

Plaintiff's fourth amended complaint must comply with Rules 18 and 20 of the Federal Rules of Civil Procedure, which govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R.

Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted, alteration in original)).

If Plaintiff does not file a single operative pleading without the time prescribed, the Court will consider only the third amended complaint (ECF 18) as the operative pleading and proceed accordingly.

## CONCLUSION

The Court denies Plaintiff's requests for preliminary injunctive relief as requested in ECF 15, 16, 17, and 18.

The Court directs Plaintiff, within 30 days of the date of this order, to file a single operative pleading that that names as defendants all parties he seeks to sue, asserts all his claims for relief, and alleges facts to support each claim against each defendant.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 8, 2025
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge