UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES BERNARD STARKE, JR.,

Plaintiff,

-against-

OFFICER FUENTES, et al.,

Defendants.

**ORDER OF SERVICE**

25-CV-3108 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently detained at the Rockland County Jail, brings this action, *pro se*, alleging that various municipal/police entities and alleged associated individuals violated his rights under various state and federal laws. By order dated April 24, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

After filing the initial complaint, Plaintiff filed a series of motions seeking preliminary injunctive relief. By order dated April 25, 2025, the Honorable Laura Taylor Swain, in her capacity as Chief Judge, denied Plaintiff's requests for preliminary injunctive relief because his submissions did not demonstrate a likelihood of success on the merits, and declined to construe his request for release as a petition for habeas corpus under 28 U.S.C. § 2241 because Plaintiff alleged no facts suggesting that he exhausted his available state court remedies. (Doc. 13). Plaintiff continued to file multiple amended complaints and "emergency" motions, including motions seeking his release from custody. By order dated May 8, 2025, Chief Judge Swain denied Plaintiff's new requests for emergency relief, including his new motion seeking release and federal intervention in his state criminal proceedings, for the same reasons she denied his

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

prior requests. (Doc. 19). Chief Judge Swain also warned Plaintiff that, if he continues to file

repetitive and meritless motions for "emergency" relief, the court may issue an order directing

him to show cause why he should not be barred from filing future motions in this action without

first receiving permission to file from the court. Chief Judge Swain also noted that, since filing

the initial complaint, Plaintiff filed three amended complaints, each of which named different

defendants, alleged different facts, and asserted different claims, and she directed him to file a

single amended complaint that names all defendants he seeks to sue, asserts all his claims for

relief, and alleges facts to support each claim against each defendant.

On June 11, 2025, Plaintiff filed a "Verified petition for writ of habeas corpus[,] civil

rights complaint[,] notice of removal (28 U.S.C. § 1443(1))[,] emergency motion for injunctive

relief[,] Rico, torture, and federal rights violation referral." (Doc. 20). On June 23, 2025, he filed

a supplement to that document. (Doc. 21). The Court construes these two documents, which

contain much of the same information, as a Fourth Amended Complaint and the operative

pleading.

In the Fourth Amended Complaint, Plaintiff alleges that the defendants violated his rights

under federal and state law. He also again seeks release from custody through a writ of *habeas*

*corpus* under 28 U.S.C. § 2241. Plaintiff also appears to seek removal of his state criminal

proceedings to federal court. Named as defendants are: (1) the State of New York; (2) Rockland

County; (3) Orange County; (4) "All State Actors"; (5) Rockland County Supreme Court Judge

Kevin F. Russo; (6) Rockland County Sheriff's Department; (7) Rockland County District

Attorney; (8) Rockland County Sheriff Louis Falco III; (9) Officer Falco, allegedly the son of

Sheriff Falco; (10) Rockland County Jail; (11) Clerk of the Court of Rockland County; (12)

Kelvin Zuniga, possibly of the Rockland County Sheriff's Department; (13) Richard Sloven;

(14) William Allen; (15) Declon Finn; (16) Andrew Cullen; (17) Daniel Mooney; (18) Rockland

County Police Officer Fuentes; (19) Officer O'Dell; (20) Officer Ferguson; (21) Rockland

County Sergeant Lowe; (22) Rockland County Sergeant Lopez; (23) Officer Leach; (24)

Warwick Police Officer Mazzella; (25) Warwick Police Officer Matthew Laya; (26) Warwick

Police Officer Worden; (27) Warwick Police Department; (28) Rockland County Public

Defender; and (29) Greenwood Lake Police Department (together, "Defendants").

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted) (emphasis in original).

## DISCUSSION

### A.      Request for release and intervention in state criminal proceedings

In the Fourth Amended Complaint, Plaintiff again seeks release from custody. The Court

denies Plaintiff's request for release for the same reason that Chief Judge Swain denied his two

previous requests for release. That is, Plaintiff alleges no facts suggesting that he has exhausted

his available state court remedies, which is a requirement before seeking *habeas corpus* relief in

federal court under 28 U.S.C. § 2241. *See United States ex rel. Scranton v. State of New York*,

532 F.2d 292, 294 (2d Cir. 1976); (Doc. 13 at 3; Doc. 19 at 6).

Plaintiff again asks this court to "halt[] all state proceedings" in his ongoing criminal case in state court. (Doc. 20, at 6.) The Court denies Plaintiff's requests that the court intervene in his state court criminal proceedings for the same reasons stated in Chief Judge Swain's previous Orders. That is, the *Younger* abstention doctrine bars this court from intervening in ongoing state criminal proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a . . . pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); (Doc. 13 at 2-3; Doc. 19 at 6-7).

**B.       Claims under the APA, civil RICO, and federal criminal law**

Plaintiff attempts to assert claims under the Administrative Procedure Act ("APA"), the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and federal criminal laws. The APA allows for judicial review of a federal agency's final administrative action. *See* 5 U.S.C. §§ 702, 704. Plaintiff does not state a claim under the APA because he does not seek judicial review of a federal agency's final administrative action. The Court therefore dismisses Plaintiff's APA claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff attempts to assert claims under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages[.]" 18 U.S.C. § 1964(c). In order to state a violation of Section 1962, and thus, a claim under the civil RICO enforcement provision, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering

activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). Such a person must also "allege that he was 'injured in his business or property *by reason of* a violation of section 1962.'" *Id.* (quoting § 1964(c) (italics in original)).

To show injury "by reason of" a statutory violation, a civil RICO plaintiff must allege and ultimately prove that the violation was both a "but-for" and a "proximate cause" of its injury. *See Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992); *Alix v. McKinsey & Co., Inc.*, 23 F.4th 196, 203 (2d Cir. 2022). In the civil RICO context, the term "[p]roximate cause requires some direct relation between the injury asserted and the injurious conduct alleged." *Empire Merchants LLC v. Reliable Churchill LLC*, 902 F.3d 132, 141 (2d Cir. 2018) (internal quotation marks and alterations omitted); *see Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) ("When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries."). Put differently, "a link that is too remote, purely contingent, or indirect is insufficient." *Empire Merchants*, 902 F.3d at 141 (internal quotation marks and alterations omitted).

Plaintiff does not plausibly allege any facts suggesting that any of the defendants engaged in a criminal offense. He instead appears to assert the claim that by detaining him and setting bail, unspecified defendants engaged in "[m]ail and wire fraud" and "[i]mpersonating a public officer." (Doc. 20 at 14.) Plaintiff also does not allege that any actions taken by the defendants are a "but for" or proximate cause of any injury to his business or property. The Court therefore dismisses Plaintiff's civil RICO claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also asserts that Defendants violated various federal criminal laws. However, Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys or this court to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any criminal claims Plaintiff seeks to assert for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

## C.    Claims against the State of New York and Rockland County District Attorney

The Court dismisses Plaintiff's claims against the State of New York and the Rockland County District Attorney. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* "When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). In representing the State of New York, a district attorney is protected by the Eleventh Amendment. *Maier v. Phillips*, 205 F.3d 1323, 2000 WL 234453 (Table), at *1 (2d Cir. 2000) ("[T]he Eleventh Amendment shields [the district attorney] from liability because he was acting in his official prosecutorial capacity . . . .").

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v.*

6

*Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983

claims against the State of New York and the Rockland County District Attorney are therefore

barred by the Eleventh Amendment and are dismissed.

**D.      Judicial immunity and quasi-judicial immunity**

The Court must also dismiss Plaintiff's claims against Rockland County Judge Russo and

the Clerk of Court of Rockland County. Judges are absolutely immune from suit for damages for

any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9,

11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are

considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even

allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted).

This is because, "[w]ithout insulation from liability, judges would be subject to harassment and

intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

In addition to being immune from actions for damages, federal judges are also immune

from any civil action seeking injunctive or declaratory relief. Although judicial immunity does

not absolutely bar a claim for prospective injunctive and declaratory relief, *Shtrauch v. Dowd*,

651 F. App'x 72, 73 (2d Cir. 2016) (summary order), a court's ability to award injunctive relief

against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any

action brought against a judicial officer for an act or omission taken in such officer's judicial

capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

declaratory relief was unavailable." 42 U.S.C. § 1983.

Courts have extended judicial immunity from damages to "others who perform functions

closely associated with the judicial process," *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985),

such as court clerks, when they are performing discretionary acts of a judicial nature that are

essential to the judicial process, *see Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997);

*Oliver v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988). Section 1983's immunity from injunctive relief also applies to "judicial employees entitled to judicial and quasi-judicial immunity." *Triestman v. McGinty*, 804 F. App'x 98, 100 (2d Cir. 2020) (summary order); *see Bey v. Ferdinand*, No. 24-CV-6684 (LLS), 2025 WL 1505041, at *5 (S.D.N.Y. May 21, 2025).

Plaintiff fails to allege any facts showing that Judge Russo acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because Plaintiff sues Judge Russo for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210.

Plaintiff is not entitled to injunctive relief against Judge Russo because Plaintiff has not alleged either the violation of a declaratory decree, or the unavailability of declaratory relief. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam). Declaratory relief against a judge for actions taken within his judicial capacity is ordinarily available by appealing the judge's order. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 22, 2018); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014).

Plaintiff sues the Clerk of the Court of Rockland County, but he alleges no facts suggesting that this defendant acted outside his or her role of performing functions associated with the judicial process. Plaintiff's claims against this defendant for damages and injunctive relief are therefore barred by the doctrine of judicial immunity.

The Court dismisses Plaintiff's claims against Judge Russo and the Clerk of the Court of Rockland County based on absolute judicial and quasi-judicial immunity and for failure to state a

claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, Plaintiff's

claims for damages seek monetary relief against a defendant who is immune from such relief,

and are consequently frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d

176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is

'frivolous' for purposes of [the IFP statute].").

E.     **Claims against the Warwick Police Department, Greenwood Lake Police Department, Rockland County Sheriff's Department, Rockland County Jail, and Rockland County Public Defender**

Plaintiff brings claims against the Town of Warwick Police Department, the Police

Department of Village of Greenwood Lake, the Rockland County Sheriff's Department, the

Rockland County Jail, and the Rockland County Public Defender. Unless otherwise authorized

by a municipal charter, municipal agencies and departments are not suable entities; they do not

have the capacity to be sued, as opposed to the respective municipalities themselves. *See*

*Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a

municipal agency that does not have the capacity to be sued under its municipal charter."

(emphasis in original)); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395

(S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.");

*Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In

New York, agencies of a municipality are not suable entities. The only proper defendant in a

lawsuit against an agency of a municipality is the municipality itself, not the agency through

which the municipality acted."); *Pitt v. Rockland County Jail*, No. 22-CV-08356, 2022 WL

12066402, at *1 (S.D.N.Y. Oct. 20, 2022) (dismissing Rockland County Jail as it "lacks the

capacity to be sued," as "administrative arms of a municipality do not have a legal identity

separate and apart from the municipality and cannot sue or be sued.").

The Court therefore dismisses Plaintiff's claims against the Warwick Police Department, the Police Department of the Village of Greenwood Lake, the Rockland County Sheriff's Department, the Rockland County Jail, and the Rockland County Public Defender for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court will construe any allegations against the Rockland County Sheriff's Department, including any claims against Sheriff Falco in his official capacity,[2] the Rockland County Jail, and the Rockland County Public Defender as against Rockland County, which is also a defendant in this action. Because Plaintiff alleges no facts suggesting that the Town of Warwick or the Village of Greenwood Lake have a policy, practice, or custom that caused a violation of his constitutional rights, *see Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012), the Court declines to construe the complaint as asserting claims against these entities.

## F.    Personal involvement

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

---

[2] *See Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself.").

must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Sheriff Falco (in his individual capacity), and Officers Falco, Sloven, Allen, Finn, Cullen, Mooney, O'Dell, Ferguson, Leach, and Worden were personally involved in the events underlying his claims. Plaintiff's claims against these individual defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file a Fifth Amended Complaint in which he alleges facts showing how these defendants were personally and directly involved in violating his federal constitutional rights. The Court grants Plaintiff leave solely to replead these claims, and, as discussed below, claims against Orange County. The Court will summarily dismiss any new claims Plaintiff asserts in the Fifth Amended Complaint. Because Plaintiff's Fifth Amended Complaint will completely replace, not supplement, the prior pleadings, any facts or claims that Plaintiff wants to include from the Fourth Amended Complaint must be repeated in the Fifth Amended Complaint. The Fifth Amended Complaint shall be filed no later than thirty days from the date of this Order of Service.

### G.    Claims against Orange County

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d

Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must

allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones*

*v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S.

397, 403 (1997) (internal citations omitted).

Here, Plaintiff sues Orange County, but he alleges no facts suggesting that Orange

County has a policy, practice, or custom that caused a violation of his federal constitutional

rights. In fact, Plaintiff does not allege any facts suggesting that anyone employed by Orange

County was in any way involved in the events giving rise to his claims. The Court therefore

dismisses his claims against Orange County for failure to state a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff may replead his claims against Orange County in a Fifth Amended Complaint, as

discussed above.

**H.    Removal of criminal proceedings**

Plaintiff also purports to remove his state criminal proceedings to federal court.[3] (*See*

Doc. 20, at 2.) To remove a state-court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district
> and division within which such prosecution is pending a notice of removal signed
> pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short
> and plain statement of the grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such defendant or defendants in such
> action.

28 U.S.C. § 1455(a).

---

[3] There is no indication in any of Plaintiff's filings that he filed a notice of removal in the state court.

If it appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(4).

Criminal cases that may be removed to federal court include criminal prosecutions commenced in state court against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Criminal cases commenced in state court also may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

Plaintiff does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. Plaintiff also does not assert any facts showing that he cannot enforce his federal equal rights in his state court criminal proceeding. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). "That a [defendant] will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [section] 1443(1)." *Id.* Plaintiff's attempt to remove his state court criminal proceedings to this court is therefore improper. To the extent Plaintiff properly filed a notice of removal with the state court, this Court remands his criminal case to the Rockland County Court. *See* 28 U.S.C. § 1455(b)(4).

I.      **Request to compel production of documents**

On August 1, 2025, despite the Chief Judge Swain's prior warning about submitting repetitive and meritless emergency motions, Plaintiff filed another "emergency motion to compel production of documents." (Doc. 26). The Court denies Plaintiff's motion for the same reason

Chief Judge Swain denied his prior motion, that is, Plaintiff alleges no facts suggesting a legal

basis for the relief he seeks. (*See* Doc. 19 at 6).

**J.      Service on remaining defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Rockland County, Zuniga, Fuentes,

Lowe, Lopez, Mazzella, and Laya through the U.S. Marshals Service, the Clerk of Court is

instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285

form") for these defendants. The Clerk of Court is further instructed to issue summonses and

deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect

service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**K.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[5]

## CONCLUSION

The Court denies Plaintiff's requests for preliminary injunctive relief, including his requests for release, for the Court to intervene in his ongoing state criminal proceedings, and his motion to compel production of documents. The Court respectfully directs the Clerk of Court to terminate the motions pending at Doc. 21 and Doc. 26.

The Court dismisses Plaintiff's claims under the APA, civil RICO, and federal criminal laws for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims against the State of New York, the Rockland County District Attorney, Orange County, Judge Russo, the Clerk of Court of Rockland County, the Warwick and Greenwood Lake Police Departments, the Rockland County Sheriff's Department, the Rockland County Jail, the Rockland County Public Defender, Sheriff Falco, Officers Falco, Sloven, Allen, Finn, Cullen, Mooney, O'Dell, Ferguson, Leach, and Worden for the reasons set forth above. *See* 28 U.S.C. § 1915(e)(2)(b)(i)-(iii).

---

[5] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court denies Plaintiff's request to remove his state court criminal proceedings to this court, and remands his criminal proceedings to the Rockland County Court. The Clerk of Court is directed to mail a copy of this order to the Rockland County Court at 1 South Main Street, New City, New York 10956

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court respectfully directs the Clerk of Court to issue summonses for Rockland County, Zuniga, Fuentes, Lowe, Lopez, Mazzella, and Laya, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    August 7, 2025
          White Plains, New York

_____
          PHILIP M. HALPERN
          United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.     County of Rockland
        Law Department
        11 New Hempstead Road
        New City, NY 10956

2.     Officer Kelvin Zuniga
        Rockland County Sheriff's Office
        55 New Hempstead Road
        New City, NY 10956

3.     Officer Fuentes
        Rockland County Sheriff's Office
        55 New Hempstead Road
        New City, NY 10956

4.     Sergeant Lowe
        Rockland County Sheriff's Office
        55 New Hempstead Road
        New City, NY 10956

5.     Sergeant Lopez
        Rockland County Sheriff's Office
        55 New Hempstead Road
        New City, NY 10956

6.     Officer Mazella
        Warwick Police Department
        132 Kings Highway
        Warwick, NY 10990

7.     Officer Laya
        Warwick Police Department
        132 Kings Highway
        Warwick, NY 10990