

**SARETSKY KATZ DRANOFF WEISSMAN & MAYNARD, L.L.P.**

**565 Taxter Road, Suite 210**
**Elmsford, New York  10523**
TELEPHONE (212) 973-9797
FACSIMILE  (212) 973-0939
E-MAIL rweissman@skdwmlaw.com
rweissman@skdwmlaw.com

October 31, 2025

**VIA ECF**
Hon. Philip M. Halpern
United States Courthouse for the Southern District of New York
300 Quarropas Street, Courtroom 520
White Plains, New York  10601-4150

    Re:    *Charles Bernard Starke v. Fuentes, et al.*
              Index No.: 25-CV-3108 (PMH)

Dear Judge Halpern:

       On behalf of defendants the County of Rockland (also sued as "Rockland County Correctional Facility") (hereinafter "the County"), Sgt. David Lowe and Sgt. Alexis Lopez, we respectfully request that the Court dispense with the requirement of an initial exchange of pre-motion letters with the *pro se* incarcerated plaintiff, and accept this as our pre-motion letter regarding a proposed Rule 12(b) motion to dismiss. We request this relief because plaintiff is a *pro se* inmate with whom we cannot easily communicate and, more significantly, because the *pro se* "sovereign citizen" plaintiff has already filed five different versions of his complaint (PACER documents 1, 11, 14, 20 and 21) and the Court has already ruled on what it deems to be the operative pleading (a combination of PACER documents 20 and 21, per the Order designated as PACER document 29). As such, plaintiff has had more than an adequate opportunity to revise his pleadings. Further, given his numerous frivolous filings thus far, including eight denied motions (PACER documents 5, 8, 9, 15, 16, 17, 26 and 43), it is clear that an additional set of pre-motion letters and an opportunity to file a sixth version of plaintiff's complaint will not advance this case in any meaningful way.

**SARETSKY KATZ DRANOFF WEISSMAN & MAYNARD, L.L.P.**

Alternatively, in the event that the Court requires an initial set of pre-motion letters, we respectfully request an extension of our time to answer through November 21. Today is our deadline to answer the complaint. We have not requested any prior extensions. Further, given that defendants Zuniga and Fuentes have yet to be served or appear, this extension will not delay the case.

If the Court agrees to dispense with the initial set of pre-motion letters, we propose filing a motion to dismiss on the grounds that: (i) plaintiff has failed to exhaust his administrative remedies in violation of the Prison Litigation Reform Act; (ii) the claims against the County, Sgt. Lowe and Sgt. Lopez fail to state a cause of action since the only claims pertain to an alleged assault, but the operative pleading does not plead a constitutionally significant injury; (iii) plaintiff does not plausibly plead a *Monell* claim against the County of Rockland; and (iv) plaintiff did not file a notice of claim in connection with his state tort claims – for assault and battery, false imprisonment, intentional infliction of emotional distress, negligent supervision and retention and medical negligence.

## **DEFICIENCIES IN PLAINTIFF'S CLAIMS AGAINST THE COUNTY DEFENDANTS**

Plaintiff's claims against Sgt. Lowe, Sgt, Lopez and the County are primarily based on an alleged June 2, 2025 "assault" in which plaintiff was speaking on a jail telephone when Sgt. Lowe directed him to close his cell door. When plaintiff did not do so, Lowe, and allegedly Lopez [who is actually a sergeant in the K9 unit who has nothing whatsoever to do with this matter], escorted him to his cell. Plaintiff claims that as a result of being escorted to his cell he sustained "a shoulder injury due to excessive force" and that he developed "newly diagnosed high blood pressure and elevated blood sugar". (PACER Doc. 20, Pgs. 4, 7, 19). Plaintiff also claims that, after a civilian visit, he was strip-searched at the jail in April 2025. (PACER Doc. 20, Pg. 19) He does not specify who carried out the strip search, the context in which it occurred or what date it occurred.

**SARETSKY KATZ DRANOFF WEISSMAN & MAYNARD, L.L.P.**

Hon. Philip M. Halpern
October 31, 2025
Page 3

## Failure to Exhaust Administrative Remedies as Required by Prison Litigation Reform Act

The Prison Litigation Reform Act (42 U.S.C. §1997e) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Further, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff's Complaint concedes that the jail has a grievance procedure, noting that the jail has "grievance forms" and demanding that the jail preserve same (PACER Doc. 20, Pg. 21), but does not plead that he grieved his complaints or exhausted his administrative appeals. As such, all of plaintiff's §1983 claims, including those against the individual officers, should be dismissed.

## The Alleged Assault

In connection with excessive force claims, "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). Thus, "[a]llegations of de minimis injuries are insufficient to trigger the protections afforded by the Fourth Amendment." *Rodriguez v. Cty. of Nassau*, 2023 U.S. Dist. LEXIS 53173, at *22 (E.D.N.Y. Mar. 28, 2023).

Here, plaintiff's Complaint does not specify the extent of his injury, simply describing it as "a shoulder injury" without any elaboration as to whether he experienced mild temporary discomfort or

SARETSKY KATZ DRANOFF WEISSMAN & MAYNARD, L.L.P.

Hon. Philip M. Halpern
October 31, 2025
Page 4

something more significant. And, to the extent that he claims that touching his shoulder somehow caused high blood pressure and elevated blood sugar, he not only fails to plausibly plead how such a touch could result in these conditions, but fails to explain the seriousness of these conditions; that is, whether they were temporary or permanent, mild or severe, and whether they have required treatment. Thus, the complaint fails to plausibly plead a constitutionally-significant injury and his § 1983 excessive force claim fails.

### Strip Search

With regard to plaintiff's very vaguely-pleaded strip search claim, in *Washington v. Falco*, 2021 U.S. Dist. LEXIS 37640, at *22 (S.D.N.Y. Mar. 1, 2021), Judge Bricetti addressed the Rockland County jail's policy of strip-searching inmates following in-person visits. In doing so, he dismissed the *pro se* inmate's claims concerning the strip search, holding that the jail has a "legitimate interest [in] preventing prisoners reentering the facility from bringing hidden contraband into and out of the facility or concealing contraband on their person". *Id.* Plaintiff's case in the matter before this Court is no different since his complaint specifically states that the search took place following an in-person visitation. Thus, the complaint fails to plausibly plead that the search was unreasonable or unconstitutional.

### *Monell* Claim

"[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom… inflicts the injury that the government as an entity is responsible under §1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 674 (1978). Such a policy may be established through the existence of a formal policy, action by a final policymaker for the municipality, a pattern and practice that is sufficiently widespread as to

**S**ARETSKY **K**ATZ **D**RANOFF **W**EISSMAN & **M**AYNARD, L.L.P.

Hon. Philip M. Halpern
October 31, 2025
Page 5

practically have the force of law, or a failure to train that rises to the level of deliberate indifference to constitutional rights.

Plaintiff's Complaint does not assert the existence of any such policy. He describes a single "assault" and a single strip search by non-policy-makers, without claiming any action by the County itself. Such allegations fail to state a cause of action against the County under §1983. See *Jones v. Town of E. Haven,* 691 F.3d 72, 81 (2d Cir. 2012) ("isolated acts by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability.") Thus, plaintiff's §1983 claims against the Sheriff in his official capacity should be dismissed.

**Failure to File a Notice of Claim**

A plaintiff asserting state law tort claims against a County must file a notice of claim with the County within ninety (90) days of the accrual of the cause of action. See G.M.L. §50-e; County Law §52. Failure to file a timely notice of claim is a fatal defect that requires the dismissal of a plaintiff's cause of action. *Allen v. Antal*, 2014 U.S. Dist. LEXIS 79031, 43 (S.D.N.Y. 2014) (Roman, J.). Here, plaintiff did not file a notice of claim with regard to his state law claims of assault, false imprisonment, negligence, medical malpractice and intentional infliction of emotional distress. As such, these claims should be dismissed.

                                            Very truly yours,

                                            Robert B. Weissman

cc:    Charles Bernard Starke, Jr.
        Rockland County Correctional Facility
        53 New Hempstead Road
        New City, NY 10956