In light of Defendants' representations in response to Plaintiff's letter motion (Doc. 129), Plaintiff's application (Doc. 128) is denied as moot.

Accordingly, the Clerk of Court is respectfully requested to terminate the motion sequence pending at Doc. 128 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
September 15, 2026

**UNITED STATES DISTRIC**
**SOUTHERN DISTRICT OF N**

September 10, 2026
VIA PRO SE INTAKE UNIT
Hon. Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: Starke v. Fuentes, No. 7:25-cv-03108 (PMH)**

Dear Judge Halpern:

Plaintiff Charles Bernard Starke, Jr., proceeding pro se, resp

motion under Local Civil Rule 37.2 and Rules 1(C) and 4(D)

Plaintiff is not refusing an in-person deposition or in-person proceedings generally. The problem is the particular September 15, 2026 date. Plaintiff asks that the September 15 in-person deposition be stayed and adjourned to a later in-person date after the required Texas parole travel authorization is obtained, or, alternatively, that the September 15 deposition proceed by video.

**1. September 15 cannot presently be accomplished consistently with Plaintiff's parole obligations.**

Plaintiff remains under active supervision of the Texas Department of Criminal Justice (TDCJ), Parole Division. The same TDCJ parole card, front and back, is attached as Exhibit A. It requires Plaintiff to report to TDCJ in Texas on September 14, 2026 at 1:00 p.m. TDCJ's published supervision rules require parolees to report as instructed and to obtain the supervising Parole Officer's written permission before leaving Texas. Plaintiff has not received written authorization to travel to New York for September 15.

The deposition is noticed for September 15 at 10:00 a.m. at 28 Liberty Street in Manhattan. Both notices expressly state September 15 "or a date mutually agreed upon by the parties." Exhibits B-C. Plaintiff therefore proposes a later in-person date once travel is lawfully authorized. This is inability to make this date, not refusal to appear.

**2. The two defense groups have adopted coordinated positions on both the deposition and discovery.**

On September 10, Assistant Attorney General Matthew W. Henry rejected remote testimony, copied Jonathan M. Bernstein, Esq., and asked whether Plaintiff intended not to appear in person. Mr. Bernstein then answered both Plaintiff and Mr. Henry: "I agree with Mr. Henry." Exhibit D. For this scheduling dispute, the separately represented defense groups are therefore acting in concert in the ordinary litigation sense: they are communicating, sharing notice, and advancing the same position. Plaintiff does not use that phrase here to plead a separate conspiracy claim.

The same coordination appears in discovery. On July 20, Mr. Henry refused Plaintiff's July 19 additional RFPs because the June 22 Scheduling Order, ECF No. 107, required leave for additional document requests. On July 21, Mr. Bernstein wrote: "Similar to Mr. Henry, we object to these demands without leave of court." The Court later denied Plaintiff's applications to modify the Rule 33.2 schedule, ECF No. 121. Plaintiff does not ask the Court in this emergency application to revisit that ruling.

Separate from those additional RFPs, however, the correspondence and production record documents repeated efforts to complete or clarify existing discovery. At least 17 distinct written discovery-related efforts by Plaintiff are documented from July 10 through September 10: 10 formal discovery submissions or Rule 37 demands and at least seven additional written follow-ups concerning nonreceipt, inaccessible production, unfinished searches, or missing records. Duplicate forwards and unsent drafts are excluded. This count is descriptive; it does not assert that all 17 communications were independent Court-authorized document requests. Exhibit E provides the chronology and counting methodology.

The completion record is concrete. The State Defendants' July 14 Rule 33.2 response to Request No. 8 stated, "A search is being conducted," with responsive material to follow if located; the correspondence and production record through September 10 does not reflect a later signed State-Defendant supplement closing that search. Mazzella/Laya likewise left their corresponding search

open on July 9; on August 11 Mr. Bernstein said records were still "in the process of being obtained" while calling Plaintiff's Rule 37 effort "premature"; and on August 20 their formal supplemental response still stated that discovery and investigation were continuing and that the responses were based upon incomplete information then available. Mr. Henry also acknowledged on August 18 that an earlier CCTV/incident-report mailing had been returned because of a postage issue and had to be resent. Defendants have produced materials, and Plaintiff does not contend otherwise. The narrower point is that identified categories remained incomplete, disputed, withheld, delayed, or unresolved after repeated notice while both defense groups now jointly press an immediate physical deposition. Exhibit F collects the principal written responses supporting this chronology.

**3. The Court has authority to change the date, place, or manner without Defendants' consent.**
Fed. R. Civ. P. 30(b)(4) provides that the parties may stipulate - or the Court may on motion order - that a deposition be taken by remote means. Rule 26(c)(1) separately authorizes the Court, for good cause, to specify the time, place, or method of discovery. Southern District decisions apply those rules by balancing hardship against prejudice. See D'Arezzo v. Appel, No. 22-CV-00177 (SDA), ECF No. 85 (S.D.N.Y. Feb. 8, 2024); Rouviere v. DePuy Orthopaedics, Inc., 471 F. Supp. 3d 571, 574-76 (S.D.N.Y. 2020). Defendants retain the full right to examine Plaintiff under oath; the requested relief changes only timing or manner.

Mr. Henry also stated that the initial conference established that filing in SDNY requires Plaintiff to be physically present for proceedings. The written June 22 Scheduling Order, however, records Plaintiff's telephonic appearance at the initial conference and schedules the next case-management conference by telephone. Plaintiff does not contend that this alone requires a remote deposition; it shows only that there is no categorical rule making every proceeding physically in person.

**4. The request is timely and preserves the existing schedule.**
Original date: September 15, 2026 at 10:00 a.m. Reason: mandatory TDCJ reporting in Texas on September 14 at 1:00 p.m. and no written authorization to leave Texas. Prior Court request

concerning this deposition date: none. Defendants do not consent; their September 10 responses are attached. Fact depositions are due October 16, 2026. Plaintiff proposes that counsel select a mutually agreeable in-person date before that deadline once written travel authorization is obtained; if that cannot be done, Plaintiff requests remote testimony on September 15 or another Court-ordered date.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court: (1) immediately stay or adjourn the September 15, 2026 in-person deposition pending determination of this application; (2) direct the parties to select a later in-person date after Plaintiff receives the required written interstate-travel authorization; or, alternatively, (3) order the deposition to proceed remotely under Rule 30(b)(4); and (4) grant such other relief as is necessary to prevent Plaintiff from being forced to choose between compliance with federal discovery and compliance with parole supervision.

Plaintiff will submit to deposition. Plaintiff is willing to appear in person. Plaintiff is not demanding that future proceedings be remote. September 15 is simply not a presently available lawful in-person date.

Respectfully submitted,

**/s/ Charles Bernard Starke, Jr.**
**CHARLES BERNARD STARKE, JR.**
**Plaintiff, pro se**
**8501 Sawgrass Lane**
**Rowlett, Texas 75089**
**Email: charlesstarke32@gmail.com**
**Telephone: (945) 385-6386**

## EXHIBITS

Exhibit A - TDCJ Parole Division card (front and back of the same card), including September 14, 2026 at 1:00 p.m. office-visit notation.
Exhibit B - State Defendants' July 14, 2026 Notice of Deposition.
Exhibit C - Mazzella/Laya Defendants' July 29, 2026 Notice to Take Deposition Upon Oral Examination.
Exhibit D - September 9-10, 2026 deposition email chain reflecting Mr. Henry's position and Mr. Bernstein's statement, "I agree with Mr. Henry."
Exhibit E - Discovery correspondence chronology and completion-status summary, including the count of Plaintiff's written discovery-related efforts and Defendants' stated responses.
Exhibit F - Key discovery correspondence excerpts reflecting the positions of AAG Henry and Mr. Bernstein, continuing/incomplete production, and Plaintiff's documented August 19 service to Mr. Bernstein.

## CERTIFICATE OF SERVICE

I certify that on September 10, 2026, I transmitted a courtesy copy of this filing and its exhibits by email to Matthew W. Henry, Esq., at matthew.henry@ag.ny.gov, and Jonathan M. Bernstein, Esq., at jbernstein@goldbergsegalla.com.
/s/ Charles Bernard Starke, Jr.