A conference concerning the disputes outlined in Docs. 132 and 133 is scheduled for October 1, 2026 at 11:00 a.m. via telephone. At the time of the scheduled conference, the parties shall call the following number: (855) 244-8681; access code 2317 236 5283.

Between the date of this Order and the discovery conference, the Parties shall meet and confer concerning the outstanding discovery disputes. If such disputes are resolved, the Parties are directed to file a joint letter notifying the Court.

The Clerk of Court is respectfully requested to terminate the letter motion pending at Doc. 132. Defendants are directed to: i) mail a copy of this Order to Plaintiff via Federal Express; ii) provide a copy via email to Plaintiff's email address as listed on the docket; and iii) electronically file proof of service of the above via ECF.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
September 23, 2026

**Office of the New York Stat**
**Attorney General**

**BY ECF**
Honorable Philip M. Halpern
United States District Judge
Southern District of New Yo
300 Quarropas St.
White Plains, NY 10601-415

**Re:** ***Starke v. Fuentes, et al.*, No. 25-cv-3108 (PMH)**
***Starke v. Rockland County, et al.*, No. 25-cv-7884 (PMH) (related action)**
***Starke v. Officer Fuentes, et al.*, No. 25-cv-5767 (PMH) (related action)**

Dear Judge Halpern:

The Office of the New York State Attorney General represents Defendants Lt. Luis Fuentes and Sgt. Kelvin Zuniga in the above action No. 25-cv-3108, Court Officer William Allen and Court Officer Andrew Cullen in the related action No. 25-cv-7884, and Lt. Luis Fuentes (collectively, the "State Defendants") in the related action No. 25-cv-5767, all filed by Plaintiff Charles Bernard Starke, Jr. ("Mr. Starke"). Pursuant to Local Civil Rule 37.2 and this Court's Individual Practices Rule 4(D), this letter motion requests a premotion discovery conference. The State Defendants seek an order compelling Mr. Starke to appear for his deposition at 28 Liberty Street, 16th Floor, New York, New York 10005 on October 14, 2026, at 10:00 am Eastern Time. The State Defendants also seek an order compelling Mr. Starke to produce all audio and video files relating to the incidents at the Rockland County Courthouse on March 19 and 24, 2025.

**Discovery issues raised by Mr. Starke[1]**

Pursuant to Fed. R. Civ. P. 37(a)(1), Mr. Starke and I held a teleconference on September 22, 2026, at 11:00 am Eastern Time to discuss outstanding discovery issues. Mr. Starke had sent me several emails and notices regarding concerns he has with the State Defendants' discovery responses. During the teleconference, I provided him the State Defendants' positions regarding his repeated demands, such as his demand that the State Defendants revise their responses to the Requests for Admission he propounded on July 14, 2026. Mr. Starke informed me that the State Defendants are lying in their responses sent on July 30, 2026, and argued that the responses are

[1] This pre-motion letter is not filed as a joint letter as required by the Court's Individual Practices para. 4.D because Mr. Starke sent an email to counsel on September 18, 2026, stating that he does not consent to filing any joint letters with "any state actors." He stated that he would file his position separately.

inconsistent both within the responses and between the individual defendants' responses. He also argued that I had an obligation to seek documents from the Richmond County District Attorney, the Richmond County Sheriff's Department, and the Warwick Police Department, prior to providing answers to his Requests for Admission. The teleconference lasted well over an hour as Mr. Starke repeatedly demanded I revise the Requests for Admission and instructed me on my purported obligation as a lawyer to revise them.

**Discovery issues raised by the State Defendants**

At the teleconference, I also raised with Mr. Starke the State Defendants' outstanding discovery issues. First, Mr. Starke has not provided alternative dates for his deposition. The State Defendants and Officers Mazzella and Laya had agreed to re-schedule Mr. Starke's deposition and requested he provide dates on which he would be available. *See* ECF No. 129. Not only has Mr. Starke not provided those dates, but he argues that he is not required to appear for an in-person deposition in New York. His reasons for refusing to appear include that his parole officer has not yet given him permission to travel, that it would be costly for him to travel to New York, and that he does not trust the State Defendants not to harm him in some way.

Second, Mr. Starke has not provided all responsive audio and video files in his possession, custody, or control relating to the incidents at the Rockland County Courthouse on March 19 and 24, 2025. He has repeatedly informed me that he has them and how relevant they are to his claims. However, he admitted that he has not yet sent them to my office. Mr. Starke stated that he previously tried to send several audio and video files to the State Defendants. Yet five of those audio and video files he attempted to send on August 8, 2026, were undeliverable hyperlinks. I informed Mr. Starke of that issue shortly after receiving the hyperlinks. To my knowledge, he has not yet attempted to resend them. Moreover, Mr. Starke informed me that those files he sent or attempted to send are not the only responsive files in his possession.

**The Court should order Mr. Starke to appear in person**

Under Federal Rule of Civil Procedure 30(a)(1), a party deponent must appear for his deposition in person, unless the Court relieves him of testifying in person. The State Defendants did not agree to remote testimony because they seek to observe Mr. Starke's demeanor in person. Mr. Starke is not only the plaintiff in this case but is also a primary witness. Based on his filings and conduct to date, there is also a concern that Mr. Starke will rely on outside material or artificial intelligence tools during this deposition. The Court should order Mr. Starke to attend and fully participate in his deposition, which should also be sufficient to require Mr. Starke's parole officer to permit him to travel to New York for the purpose of his deposition. A proposed court order has been enclosed with this letter.

**The Court should order Mr. Starke to produce all responsive documents**

On July 14, 2026, pursuant to Fed. R. Civ. P. 34, the State Defendants requested all documents concerning Mr. Starke's allegations, including the incidents on March 19 and 24, 2025. On August 19, 2026, Mr. Starke responded that he would produce responsive cellphone video files, among other documents. This request, objections, and response are included below.

---

**REQUEST FOR PRODUCTION NO. 1**[2]

All documents, recordings, photographs, electronic files, messages, emails, notes, and other material concerning the allegations, incidents, statements, claims, or defenses in this action, including the March 19 and March 24 events identified by State Defendants.

**OBJECTIONS:** Plaintiff objects to the request to the extent it is unlimited in subject, source, and time; seeks privileged litigation preparation; duplicates material already possessed by Defendants; or seeks data outside Plaintiff's possession, custody, or control.

**RESPONSE:** Subject to those objections, Plaintiff will produce nonprivileged responsive material presently located after reasonable inquiry, including responsive cellphone video files, photographs, messages, and emails that Plaintiff may use to support his claims. The production will preserve original filenames where practicable and will identify any review copy separately from the source file.

Plaintiff will not represent that a file is a complete original where its provenance or completeness has not yet been verified. Any duplicate, excerpt, transcoded file, or review copy will be identified as such when that information is known.

---

Pursuant to Federal Rule of Civil Procedure 37, the State Defendants request an order to compel Mr. Starke to produce all responsive documents, including video, relating to the incidents at the Rockland County Courthouse on March 19 and 24, 2025. A second proposed court order has been enclosed with this letter.

**The Court should warn Mr. Starke about his potential abuse of the discovery process**

The State Defendants have repeatedly attempted to resolve these issues amicably with Mr. Starke and to no avail. He has demanded additional discovery, despite the Discovery Plan and Scheduling Order’s limit on additional discovery requests without the Court’s permission. *See* ECF Nos. 107, 124. He has been evasive regarding his attendance and participation in his deposition. He has repeatedly contacted counsel in this case with emails and notices containing his concerns regarding discovery, despite the State Defendants having responded to his early Requests for Admission based on the information in their possession at that time and despite producing all relevant documents in their possession, custody, or control. Therefore, the State Defendants request the Court again order Mr. Starke to comply with his obligations regarding discovery and to refrain from contacting counsel with discovery requests that are outside the scope of the Court’s Discovery Plan and Scheduling Order.

---

[2] In his responses to the State Defendants’ Requests for Production, Mr. Starke altered the original Request for Production No. 1 that the State Defendants propounded. Those changes do not change the substance of the request. The version reflected here is the version Mr. Starke used in his August 19, 2026, responses.

Thank you for your consideration.

Respectfully submitted,

/s/ Matthew W. Henry
MATTHEW W. HENRY
Assistant Attorney General
(212) 416-8554
Matthew.Henry@ag.ny.gov

cc (via email):

Charles Bernard Starke, Jr., *Plaintiff pro se*
Jonathan Bernstein, *Attorney for Defendants Mazzella and Laya*