UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHARLES BERNARD STARKE, JR.,

Plaintiff,

v.

OFFICER FUENTES, et al.,

Defendants.
--------------------------------------------------------X

**ORDER**

25-CV-03108 (PMH)

PHILIP M. HALPERN, United States District Judge:

A Discovery Dispute Conference was held on October 1, 2026, concerning the issues raised in multiple discovery dispute letters (the "Conference"). (Docs. 132, 133, 137, 138, 139). Plaintiff, proceeding *pro se*, and respective counsel for Defendants appeared at the Conference.

For the reasons set forth on the record, the Court ruled, *inter alia*, as follows:

(1) The Court granted Defendant Fuentes and Zuniga's request to compel production of "all responsive audio and video files in [Plaintiff's] possession, custody, or control relating to the incidents at the Rockland County Courthouse on March 19 and 24, 2025." (*See* Doc. 132 at 2-3). Defendant Fuentes and Zuniga's counsel represented that Plaintiff was prepared to send the audio and video recordings at issue to Defendants by the end of the day on October 2, 2026. (*See* transcript). Accordingly, the Court directed Plaintiff to comply with this representation and produce such files no later than **October 2, 2026**;

(2) The Court granted Defendants Laya and Mazzella's request to compel Plaintiff's response to their discovery demands (*see* Doc. 133 at 2-7), and directed Plaintiff to provide responses to such demands no later than **October 8, 2026**;

(3) The Court granted Defendants' request to compel Plaintiff to appear for his deposition in person. Specifically, and as further detailed on the record, the Court directed Plaintiff to notify

his parole officer that he has been instructed by this Court to appear in person for his deposition at 28 Liberty Street, 16th Floor, New York, NY 10005 on October 14, 2026 at 10:00 a.m. The Court instructed Plaintiff that if his parole officer had any issue with the above directive, Plaintiff must procure a written letter from the parole officer addressed to the Court and Defendants' respective counsel, explaining the reasoning for Plaintiff's inability to travel to New York for the deposition. In that event, the Court will reserve decision and may permit Plaintiff's deposition to proceed by video deposition. Otherwise, Plaintiff is directed to attend his deposition in person on October 14, 2026 at 10:00 a.m.

(*See* transcript).

Dated: White Plains, New York
October 1, 2026

**SO ORDERED:**

Philip M. Halpern
United States District Judge