Upon review of Doc. 142, Defendants' application requesting to be relieved from meet and confer obligations with Plaintiff under the Court's Individual Practices is granted.

A status conference concerning the Plaintiff's deposition and the additional issues outlined in Docs. 142 and 143 is scheduled for October 26, 2026 at 12:00 p.m. via telephone. At the time of the scheduled conference, the parties shall call the following number: (855) 244-8681; access code 2317 236 5283.

The Clerk of Court is respectfully requested to terminate the letter motions pending at Docs. 142 and 143. Defendants are directed to: i) mail a copy of this Order to Plaintiff via Federal Express; ii) provide a copy via email to Plaintiff's email address as listed on the docket; and iii) electronically file proof of service of the above via ECF.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
October 19, 2026

**Office of the New York S**
**Attorney General**

**BY ECF**
Honorable Philip M. Halpe
United States District Judg
Southern District of New Y
300 Quarropas St.
White Plains, NY 10601-4

**Re:** ***Starke v. Fuentes, et al.*, No. 25-cv-3108 (PMH)**
***Starke v. Rockland County, et al.*, No. 25-cv-7884 (PMH) (related action)**
***Starke v. Officer Fuentes, et al.*, No. 25-cv-5767 (PMH) (related action)**

Dear Judge Halpern:

The Office of the New York State Attorney General ("OAG") represents Defendants Lt. Luis Fuentes and Sgt. Kelvin Zuniga in the above-referenced action No. 25-cv-3108, Court Officer William Allen and Court Officer Andrew Cullen in the related action No. 25-cv-7884, and Lt. Luis Fuentes (collectively, the "State Defendants") in the related action No. 25-cv-5767, all filed by Plaintiff Charles Bernard Starke, Jr. ("Mr. Starke"). I write to inform the Court concerning Mr. Starke's abusive and unresponsive conduct during his deposition yesterday, resulting in the need to conclude the deposition early. The State Defendants request that the Court relieve counsel from the obligation to confer with Mr. Starke prior to filing any discovery motion pursuant to Section 4.D of the Court's Individual Practices and Federal Rule of Civil Procedure 37(a)(1), due to his behavior as set forth below.

Mr. Starke's conduct was abusive and inappropriate for a deposition or any other court proceeding. He was extremely disrespectful to counsel and discourteous to the court reporter. He consistently used offensive and profane language and refused to directly answer counsel's questions, instead asking his own questions of counsel or giving non-responsive answers. Over the course of an hour, Mr. Starke's demeanor worsened to the point where the participants, and particularly the court reporter, began to feel unsafe in the same room with him. In response to the court reporter feeling unsafe, Mr. Starke demanded we replace her with another court reporter. During one break, he stormed out of the deposition room and slammed the door. OAG investigators, who were present on the same floor and witnessed his conduct, expressed concerns about Mr. Starke's increasingly erratic behavior and recommended barring him from the building. Due to these concerns, two investigators stayed in the room while counsel and Mr. Starke added statements for the record. I then ended the deposition.

Mr. Starke's conduct is clearly abusive and serves no legitimate purpose. "This behavior is unprofessional and inappropriate and must stop now." *Tools Aviation, LLC v. Digital Pavilion Elecs. LLC*, No. 20-cv-2651, 2024 WL 4350466, at *6, 2024 U.S. Dist. LEXIS 177953 (E.D.N.Y. Sept. 30, 2024). Behavior that includes the use of vulgar, *ad hominem* attacks on counsel, behaving in a quarrelsome and disagreeable manner, and displaying contempt for the proceedings all constitute abuse of the judicial process. *Cartagena v. Dixon*, No. 25-cv-3552, 2026 WL 1803705, at *4, 2026 U.S. Dist. LEXIS 139294 (S.D.N.Y. June 23, 2026). Such attacks "run afoul of the rules of civility and can lead to sanctions, including dismissal of the case." *Jackson v. Attorney Haley Ross*, No. 25-cv-3392, 2026 U.S. Dist. LEXIS 18967, at *1 (S.D.N.Y. Jan. 30, 2026) (warning pro se plaintiff concerning his behavior towards opposing counsel). The degree of Mr. Starke's misbehavior far exceeds the lack of civility discussed in the cited cases and triggered safety concerns for the deposition participants.

In addition to Mr. Starke's abusive conduct, there was no meaningful opportunity to obtain responsive answers from him. Counsel attempted to obtain such responses for over an hour before concerns over Mr. Starke's behavior led counsel to agree to end the deposition early. Based on his behavior during the deposition and during the prior lengthy telephonic meet-and-confers, I have no confidence that Mr. Starke can be compelled to testify in a civil or responsive manner.

The State Defendants will follow up on this matter once the expedited transcript of the hearing is available for review and will seek further relief from the Court. In the meantime, the State Defendants request that the Court order that counsel is relieved of any obligation to confer with Mr. Starke pursuant to the Court's Individual Practices and the Federal Rules of Civil Procedure. Thank you for your consideration.

Respectfully submitted,

*/s/ Matthew W. Henry*
MATTHEW W. HENRY
Assistant Attorney General
(212) 416-8554
Matthew.Henry@ag.ny.gov

cc via email:

Charles Bernard Starke, Jr., *Plaintiff pro se*
Jonathan Bernstein, Zachary Oliva, & Ryan Thompson, *Attorneys for Officers Mazzella & Laya*
Robert Weissman, *Attorney for County of Rockland & Officers Drinni, Falco, Leech, O'Dell*