UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES BERNARD STARKE, JR.,

Plaintiff,

-against-

OFFICER FUENTES, et al.,

Defendants.

**OPINION & ORDER**

25-CV-03108 (PMH)

PHILIP M. HALPERN, United States District Judge:

Charles Bernard Starke, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983, alleging that various municipal/police entities and individuals allegedly associated therewith violated his rights under numerous state and federal laws. (Docs. 20, 21, together, the "Fourth Amended Complaint" or "FAC"). The only remaining defendants surviving in this action following a prior motion to dismiss are those who answered the FAC rather than moving to dismiss: Kelvin Zuniga, Officer Fuentes, Officer Mazella, and Officer Matthew Laya ("Defendants").[1]

On June 18, 2026, the parties appeared for an initial conference. (*See* June 18, 2026 Minute Entry). The Court set a discovery schedule and informed the parties that the civil case discovery plan and scheduling order would be separately docketed. (*Id.*). On June 22, 2026, the Court docketed the "Civil Case Discovery Plan and Scheduling Order in Pro Se Case[s] in which Local Civil Rule 33.2 Applies" (the "Rule 33.2 Order"), indicating, *inter alia*, that fact depositions were to be completed by October 16, 2026, and all discovery, including expert, if any, would be completed by November 30, 2026. (Doc. 107). The Rule 33.2 Order also included the notation that "Plaintiff my not serve additional document requests or interrogatories without leave of the Court."

[1] The Court otherwise assumes the parties' familiarity with the underlying procedural history of this action.

(*Id.*). On July 26, 2026, Plaintiff filed multiple letters requesting modification of the Rule 33.2 Order, in light of Plaintiff's release from New York State custody, and seeking leave to file over seventy additional allegedly "particularized requests" on each pair of answering Defendants. (*See* Docs. 112-115). Defendants Fuentes and Zuniga and Defendants Laya and Mazzella, respectively, filed letters opposing such relief. (Docs. 116, 120). The Court, on August 3, 2026, denied Plaintiff's requested relief for failure to "demonstrate good cause . . . for modification of the Local Civil Rule 33.2 Scheduling Order." (Doc. 121, "Prior Order"). Plaintiff, on August 4 and 7, 2026, filed two documents that the Court construes, together, as a motion seeking reconsideration of the Prior Order (the "Motion") (Docs. 123, 125). Defendants, on August 18, 2026, filed opposition (Docs. 126, 127). Plaintiff did not file a reply.

For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

## STANDARD OF REVIEW

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-02543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-02463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same."). Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116, 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97-CV-00690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court."). "Therefore, a motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion." *Premium Sports Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citation modified). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## **ANALYSIS**

Plaintiff's Motion seeks reconsideration of the Prior Order on the following bases: (1) the Court improperly characterized Plaintiff's underlying relief requested as a modification of the

Local Civil Rule 33.2 Scheduling Order exclusively "due to his change of address"; and thus (2) the Court failed to address the "ground actually presented," namely, that the "Standardized Local Civil Rule 33.2 mechanism is structurally mismatched to pre-custody courthouse encounters" and as a result, such a framework is restricted and improperly utilized in this case. (*See* Doc. 123 at 1-7; *see also* Doc. 125, generally).

Plaintiff, through his Motion, seeks to use the reconsideration framework improperly as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Analytical Surveys, Inc.*, 684 F.3d at 52. In fact, Plaintiff offers "substantially the same arguments he offered on the original motion." *See Premium Sports Inc.*, 2012 WL 2878085, at *1. Plaintiff confirms this, stating that the "July 26 motion expressly presented" the arguments made in this Motion to the Court, at the outset. (*See* Doc. 123 at 6). The Court, at that time, reviewed Plaintiff's arguments in Docs. 112-115, which included the arguments made on reconsideration here, along with the argument concerning Plaintiff's no longer being "confined in, committed to, or otherwise held in New York State custody." (Doc. 112 at 1). Thus, the Court, upon review of all the documents, including Defendants' respective opposition letters (Docs. 126, 127), determined that Plaintiff "failed to demonstrate good cause . . . for modifications of the Local Civil Rule 33.2 Scheduling Order" (*see* Prior Order). Plaintiff has provided no new evidence on this Motion of "matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Murray v. Dutcavich*, No. 17-CV-09121, 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020).

In sum, Plaintiff's dissatisfaction with the Court's ruling in the Prior Order is not a proper basis for reconsideration. S*ee Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, No. 04-CV-03531, 2022 WL 2529281, at *1 (S.D.N.Y. July 7, 2022) ("Rule 59(e) motions . . . are not

vehicles for parties to relitigate cases or advance new theories."); *Benjamin v. Goord*, No. 02-CV-01703, 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) ("A motion for reconsideration is not, however, a 'second bite at the apple' for a party dissatisfied with a court's ruling." (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998))).

Accordingly, and as reconsideration is an "extraordinary remedy," *see In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d at 614, Plaintiff's Motion is denied.

**CONCLUSION**

Because Plaintiff has failed to raise any intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or the need to prevent manifest injustice, the motion for reconsideration of the Prior Order is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion (Docs. 123, 125) and mail a copy of this Order to the Plaintiff.

SO ORDERED:

Dated: White Plains, New York
October 23, 2026

Philip M. Halpern
United States District Judge